UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:25-cv-21052

AT LAW AND IN ADMIRALTY

TAMMY M. MAY,

    Plaintiff,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

# COMPLAINT FOR DAMAGES

The Plaintiff, TAMMY M. MAY, hereby sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF**. The Plaintiff, TAMMY M. MAY (hereinafter referred to as "Plaintiff" or "May"), is *sui juris* and is a citizen of the United States of America and resident of Semmes, Mobile County, Alabama.

3. **THE DEFENDANT.** The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter referred to as "Carnival" or "Defendant" or "the cruise line"), is a citizen of the foreign nation of Panama, is incorporated outside of the state of Florida in the country of Panama, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

1

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF INCIDENT.** This incident occurred on April 5, 2024.

8. **LOCATION OF INCIDENT.** This incident occurred on the vessel *Carnival Spirit,* a ship in navigable water. while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred on the Promenade Deck, deck 2, at the bar located inside the Louis XIV Casino.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

10. *CARNIVAL SPIRIT* **AND THE DANGEROUS CONDITION**. Carnival's operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds. Carnival owes a duty to its passengers to maintain areas in which they know passengers will go or expect passengers to go in a safe condition. On each and every one of Carnival's ships there is a casino with a bar. The Casino bar on board the *Carnival Spirit* features bar stools with a round seating area, a metallic base, and a single leg. Passengers constantly and repetitively use these bar stools all throughout the day. The frequent use of these bar stools causes them to wear and tear over time. The wear and tear of these bar stools over time causes them to become unsafe and/or unstable. Carnival knows that passengers may not be able to observe that the bar stools on their decks are unsafe and/or unstable or know the extent of the wear and tear of those chairs. For this reason, Carnival trains its employees to regularly inspect and maintain its bar stools on a regular basis.

11. **DESCRIPTION OF THE INCIDENT**. On April 5, 2024, Carnival allowed a bar stool located at the Louis XIV Casino bar, Deck 2, on board the *Carnival Spirit* to remain in a dangerous condition for an extended period of time. Carnival failed to inspect and maintain the bar stool with sufficient regularity to prevent it from causing passengers to get injured. Carnival failed to provide warnings to the passengers that the subject bar stool was unsafe and/or unstable. Carnival failed to properly and sufficiently post signs, cones, or other warnings and/or entirely remove the bar stool. Carnival failed to block off the area and failed to guard over the area and use personnel to warn passengers of the dangerous condition of the bar stool. Carnival failed to reasonably train and/or supervise its crew to reasonably ensure that its procedures, policies and/or programs were used and applied to this area of the ship. Carnival failed to select safe and sturdy

bar stools suitable for repeated use at the Casino bar.

12. As a direct result, Tammy May fell and was injured when she attempted to sit on one of the bar stools at the Louis XIV Casino bar located on deck 2 of the *Carnival Spirit*. At approximately 10:30 p.m., April 5, 2024, May sat at one of the bar stools located at the Casino bar. May leaned into the subject bar stool to get herself up and sit on the round seat. As she leaned on the bar stool, the bar stool leg moved and/or the round seat part of the stool, causing May to lose her balance and fall on her right side. May attempted to prevent her fall by extending her right arm out.

13. **DAMAGES.** As a result of Carnival's negligence, the Plaintiff fell and sustained severe and permanent injuries, including but not limited to a closed fracture of the distal radius and ulna with surgery. These injuries are permanent and significantly affect the life and abilities of May. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. May has suffered these losses in the past and will continue to suffer in the future. These injuries and damages include but are not limited to economic damages including medical, psychological them, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future. These injuries and damages also include but are not limited to non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

14. **NOTICE: PRIOR SIMILAR INCIDENTS**. Carnival had notice of the dangerous condition of unmaintained furniture on the *Carnival Spirit* from prior similar incidents. Carnival documents incidents in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar

4

incidents known to date include the following:

    a. Passenger Irina Tesoriero was injured when a chair suddenly collapsed from under her while in her assigned cabin onboard *Carnival Splendor* on June 26, 2015. Irina Toseriero filed a lawsuit as a result of this incident. *Irina Toseriero v. Carnival Corporation, et.al.*, Case No. 1:16-cv-21769-KMW.

    b. Passenger Michael Klowski was injured when a bar stool suddenly collapsed from underneath him at or near the Red Frog Rum Bar onboard *Carnival Fantasy* on March 4, 2020. Michael Klowski filed a lawsuit as a result of this incident. *Michael Klowski v. Carnival Corporation, et.al.*, Case No. 1:21-cv-20808-KMM.

    c. A 71-year-old, female passenger (Guest name is unknown), was injured onboard *Carnival Miracle* on August 5, 2015 when the couch located on the Atlantic deck (Deck 3), forward starboard side by the Sam's Piano Bar, collapsed from underneath her and she landed on her buttocks thus sustaining severe injuries to her back and right side. [Accident # AR001367].

    d. Passenger Jacqueline James was injured when the wooden chair that she was using suddenly collapsed while on the Lido Deck onboard *Carnival Magic* on August 12, 2024.

15. **NOTICE: STATEMENTS BY CARNIVAL CREWMEMBERS**. Additional evidence that Carnival had notice of the dangerous condition here is shown by statements made by Carnival crewmembers. A Carnival bar tender at the Casino bar later stated that the subject stool had been broken all week and had been reported as being broken. However, the bar stool was not removed or marked as broken and passengers, including May, were not informed of the dangerous condition.

16. **NOTICE: THE LENGTH OF TIME THE DANGEROUS CONDITION EXISTED**. Additional evidence that Carnival had notice of the dangerous condition here is shown by the length of time that the condition existed. In order for the bar stool to collapse from under

May, the bar stool had existed in the same or similar dangerous condition for a significant period of time before May's incident. A Carnival bar tender at the Casino bar later stated that the subject stool had been broken all week and had been reported as being broken. Carnival had the opportunity to correct this condition by repairing or replacing the chair or warning passengers of the danger but did not.

17. **NOTICE: CREW MEMBERS IN THE VICINITY.** Additional evidence that Carnival had notice about the dangerous condition here is shown by the fact that there were crewmembers in the area. Upon information and belief, crewmembers are assigned to clean, monitor, and maintain the subject area, including the public seating furniture. Crewmembers working in the area were in a position to examine the dangerous chair and repair or remove the hazard.

18. **NOTICE: CORRECTIVE ACTION**. Additional evidence that Carnival had notice about the dangerous condition here is shown by the fact that Carnival placed a "DO NOT USE" sign on the subject stool after the subject incident occurred.



*Photograph of the subject bar stool taken on April 6, 2024, after the subject incident.*

19. **NOTICE: TRAINING AND PROCEDURES.** Carnival, for years, has created and implemented written policies, procedures, and trainings related to fall hazards. Carnival's written documents instruct crew members that public seating areas, including the area of this subject incident, are a crucial area to clean, dry, monitor, inspect and maintain. Carnival trains its crew that public seating areas including the area of this subject incident have wear and tear from repetitive use by passengers and the most potential for hazards and falls. Carnival trains its crew to inspect and maintain its public seating areas in a safe condition. Carnival specifically trains its crew members to inspect and maintain its furniture. Carnival created these procedures for its crew because, without warnings, passengers may not know or be able to perceive that its furniture in public seating areas are dangerous. These policies and procedures are evidence that shows Carnival had notice of the dangerous condition.

20. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additional evidence that Carnival had notice of the dangerous condition here is from experience that passengers get injured due to unmaintained furniture on a repetitive basis and therefore, this is a foreseeable condition. This is shown by prior shipboard medical records, shipboard meeting notes, passenger complaints, safety reports, and other documentation Carnival collects and keeps of prior incidents on board their ships.

## COUNT I
## NEGLIGENT MAINTENANCE

21. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 20, above.

22. This is an action against Carnival for its negligent failure to maintain the bar stools located at the Louis XIV Casino bar on deck 2 of the *Carnival Spirit*.

23. **DUTIES OWED BY CARNIVAL.** Carnival owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. Carnival owes a duty as a common carrier

to its passengers to maintain all areas of its ship. Carnival's duty of care includes maintain safe furniture for passengers on its cruise ships, including in the Louis XIV Casino bar on deck 2 on board the *Carnival Spirit* where May fell on April 5, 2024.

24.     Carnival had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

25.     **CARNIVAL BREACHED ITS DUTIES**. Carnival breached its duty to maintain safe furniture for passengers on board the *Carnival Spirit* on April 5, 2024, in a safe manner. Carnival breached its duties to May by its actions and conduct. Carnival failed to properly inspect, maintain, repair, and/or respond to the subject loose bar stool before it collapsed underneath May on April 5, 2024. Carnival allowed the subject barstool to remain in an unmaintained, loose, and dangerous condition susceptible to collapse beneath passengers. Carnival failed to fix and/or replace the subject barstool before it could collapse and cause injury to passengers including May. Carnival failed to adhere to industry standards, customs, and regulations which govern the maintenance of fixtures and furniture like the bar stools at the Loius XIV Casino Bar; by failing to cordon off or block access to the area of the incident so that Plaintiff could not have access to the poorly maintained and loose stool. Carnival failed to inspect the subject area frequently enough to remedy, maintain, and/or repair the dangerous condition of the subject stool. Carnival allowed an ongoing, repetitive, continuous, and/or recurring problems and dangers to occur or to remain in or around the subject area which would cause incidents or injuries. Carnival failed to comply with Carnival's own standards on safe operation and maintenance with respect to the bar stools at the Louis XIV Casino Bar.

26.     **PROXIMATE CAUSE**. Carnival's failure to maintain the subject bar stool on board the *Carnival Spirit* in a safe manner, proximately caused May 's injuries. The Defendant's negligent maintenance allowed for an unsafe bar stool to remain at the subject bar for an extended period of time. Had Carnival properly constructed, designed, refurbished, inspected, maintained,

repaired, and/or responded to the subject bar stool on board the *Carnival Spirit*, May would have never sat on a bar stool that would collapse and caused her to fall and been injured on *Carnival Spirit* on April 5, 2024.

27. **DAMAGES**: As a result of Carnival's negligent maintenance, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO WARN

28. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 20, above.

29. This is an action against Carnival for its negligent failure to warn passengers, including May, of its hazards, risks or dangers onboard the *Carnival Spirit.*

30. **DUTIES OWED BY CARNIVAL.** Carnival owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. Carnival owes a duty of reasonable care under the circumstances. Carnival's duty of care includes warning of dangerous conditions on board the *Carnival Spirit,* including the dangerous condition of

furniture and fixtures like bar stools which are poorly maintained and capable of collapsing beneath passengers such as the subject bar stool that caused May's fall on April 5, 2024.

31. Carnival had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

32. **CARNIVAL BREACHED ITS DUTIES**. Carnival breached its duty to warn May of the dangerous conditions on board the *Carnival Spirit*, including the subject bar stool that collapsed and caused May's fall on April 5, 2024. Carnival breached its duties to the Plaintiff by its actions and conduct. Carnival, through its crew members, failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the subject area where the subject bar stool collapsed and caused May's fall on April 5, 2024. Carnival's crew members failed to cordon off the open decks or place physical barriers or otherwise to prevent access to the subject bar stool. Carnival's crew members failed to reasonably and regularly make audible announcements about the dangerous bar stool. Carnival also failed to comply with applicable industry standards, statutes, and/or regulations.

33. **PROXIMATE CAUSE**. Carnival's failure to properly warn May of the dangerous conditions on board the *Carnival Spirit*, including the subject bar stool that collapsed and caused May's fall on April 5, 2024, proximately caused the Plaintiff's injuries. Had Carnival properly warned May of the dangerous condition, May would have been aware of the dangerous condition and never would have sat on the dangerous bar stool. May therefore would have never sat on a bar stool that collapsed, fallen and been injured on board the *Carnival Spirit* on April 5, 2024.

34. **DAMAGES**. As a result of Carnival's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future;

lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT TRAINING PERSONNEL

35. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 20, above.

36. This is an action against Carnival for its negligent training of its shipboard crew members.

37. **DUTIES OWED BY CARNIVAL.** Carnival owes a duty to exercise reasonable care for the safety of its passengers. Carnival owes a duty of reasonable care under the circumstances. Carnival owes a duty as a common carrier to its passengers to train its crew members to properly inspect, maintain, and repair the subject loose bar stool and warn of dangers known to Carnival where Carnival invites or reasonably expects passengers to go. Carnival's duty of care includes training its crew members to inspect, maintain, and repair the subject loose bar stool and warn passengers about dangerous conditions on board the *Carnival Spirit* including where the subject bar stool that collapsed and caused May's fall on April 5, 2024.

38. Carnival had actual notice and/or constructive notice of the dangerous condition as alleged above and incorporated herein.

39. Carnival should have become aware that it had failed to properly train its crew members given that the crew member(s) failed to inspect, maintain, and/or repair the subject bar stool, and failed to remove the damaged bar stool from the premises.

40. Carnival should have become aware that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn passengers of the dangerous conditions on board the *Carnival Spirit,* including where May was injured on April 5, 2024.

41. **CARNIVAL BREACHED ITS DUTIES.** Carnival breached its duty of care owed to May and was negligent by failing to reasonably train its crewmembers to inspect the stools, maintain the stools, and warn passengers of the dangerous conditions on board the *Carnival Spirit*, including the subject bar stool that collapsed and caused May's fall on April 5, 2024. Carnival failed to comply with industry standards regarding how to train its crew members to inspect and maintain the subject bar stool and warn passengers of the dangerousness of poorly maintained furniture. Carnival failed to ensure the implementation or operation of its training programs described above and incorporated herein.

42. At the time subject bar stool collapsed and May fell by the Louis XIV Casino Bar, the crew member that was responsible for warning, maintaining, inspecting, repairing, and removing that bar stool to do so. Because that crew member was not properly trained, that crew member failed to properly and adequately warn passengers, like May, of the dangerous conditions on board the *Carnival Spirit*, the subject bar stool that collapsed and caused May's fall on April 5, 2024. Because that crew member was not properly trained, that crew member also failed to properly inspect, clean, and dry the area.

43. **PROXIMATE CAUSE.** Carnival's failure to properly train its crew members proximately caused May's injuries. Had Carnival properly trained its crew members to inspect the stool, maintain the stool, and warn passengers about the dangerous conditions on board the *Carnival Spirit,* including the subject area where May slipped and fell, the crewmember would have inspected, maintained, and warned May about the dangerous condition. Had Carnival properly trained its crew members, the dangerous condition would not have existed. Had Carnival properly trained its crew members, May would have been aware of the dangerous condition. May, therefore, would never

have fallen and been injured on April 5, 2024.

44. **DAMAGES.** As a result of Carnival's negligent training, Plaintiff has and will suffer damages in the past and in the future as described above and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated this 6th day of March 2025.

Respectfully submitted,

By: *s/ Lisa C. Goodman*
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
**LISA C. GOODMAN, ESQ.** (FBN 118698)
lgoodman@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
12150 S.W. 128th Court, Suite 225
Miami, FL 33186
Tel: (305) 371-8000 | Fax: (305) 371-3542
*Counsel for the Plaintiff*